UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROCKY MARCIANO SHROYER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:08-cv-963-DFH-JMS |
| ) | |
| K. DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment
of Correctional Medical Services and Mary Mansfield**

Rocky Shroyer is an inmate at the Pendleton Correctional Facility ("Pendleton"). He alleges in the complaint that his property at Pendleton has been wrongfully confiscated, and that he was the victim of retaliation, of the excessive use of force, and of the denial of constitutionally required medical care for the injuries he suffered as a result of the force used against him. The last of these claims are asserted against Correctional Medical Services and Mary Mansfield. These defendants (hereafter "CMS and Mansfield") seek resolution of the claims against them through the entry of summary judgment.

As with any such motion, the motion for summary judgment filed by CMS and Mansfield must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A material fact must be outcome determinative under the governing law. *Insolia v. Philip Morris Inc.,* 216 F.3d 596, 598-99 (7th Cir. 2000). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 247). A "material fact" is one that "might affect the outcome of the suit." *Anderson,* 477 U.S. at 248.

The law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's

deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); see also *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

Construing the evidentiary record in the manner most favorable to Shroyer as the non-movant, the motion for summary judgment of CMS and Mansfield must be **granted**. At the time pertinent to Shroyer's claims, there was a grievance process in place at Pendleton. There was a grievance, No. #16414, which contained a vague reference to a knee injury and a request for medical care following the cell shakedown of July 18, 2006, there was no specific allegation that Shroyer did not receive medical care for his alleged injuries. Additionally, in that same grievance Shroyer inappropriately grieved multiple issues, including verbal abuse, intimidation and assault by correctional officers. By including multiple appeals, Shroyer invalidated the entire grievance. Accordingly, CMS and Mansfield have sustained their burden of proof in showing that Shroyer did not fully exhaust available administrative remedies with respect to the claims against them before filing this lawsuit.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Shroyer's claims against CMS and Mansfield should not have been brought and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"). The motion for summary judgment (dkt 26) is **granted**.

The resolution of the claims against CMS and Mansfield does not resolve all claims against all parties. No partial final judgment shall issue at this time as to the resolution of the claims against CMS and Mansfield.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: August 24, 2009

Distribution:

James F. Bleeke, SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

Jeb Adam Crandall, SWEETIN & BLEEKE PC
jeb@sweetinbleeke.com

Eric James Beaver, INDIANA OFFICE OF THE ATTORNEY GENERAL
eric.beaver@atg.in.gov

Kathy Jo Bradley, OFFICE OF THE INDIANA ATTORNEY GENERAL
kathy.bradley@atg.in.gov

Rocky Marciano Shroyer
DOC #956193
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064