UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ROCKY MARCIANO SHROYER,　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　　　　)　　No. 1:08-cv-963-WTL-WGH
　　　　　　　　　　　　　　　　　　　　　　　)
K. DAVIS, et al.,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　　　)

### Entry Denying Motion to Vacate Order of Dismissal

　　　　This civil rights action was dismissed on July 12, 2010, based on the plaintiff's failure to pay the filing fee. He had been directed to pay the filing fee in the Entry of April 30, 2010, or to show cause why the granting of his *in forma pauperis* status should not be rescinded based on his ineligibility to proceed in that fashion. When the deadline for the plaintiff to have taken one of those steps elapsed with no response to the directions given, the action was dismissed for failure to prosecute. *See Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003)(noting that a case may be dismissed under Rule 41(b) of the *Federal Rules of Civil Procedure* for failure to follow an order of the court). The dismissal in this case was without prejudice.

　　　　Following the entry of judgment as described above, the plaintiff filed a statement on July 22, 2010, purporting to be a response to the Entry of April 30, 2010. As a response, however, the filing of July 22, 2010, was untimely because the deadline for the response to have been filed was June 10, 2010. *Gonzalez v. Ingersoll Milling Machine Company,* 133 F.3d 1025, 1030 (7th Cir. 1998)(explaining that an untimely filing which has not been belatedly authorized is of no effect); *see also Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.,* 991 F.2d 1249, 1257 (7th Cir. 1993)("[A] decision to disregard all materials submitted after a reasonable filing deadline is certainly not an abuse of discretion because it allows the district court to preserve the moving party's right to respond to the resisting party's argument and to decide the summary judgment motion in a timely fashion.")(citation omitted).

　　　　The next filing, which is addressed in this Entry, is the plaintiff's motion to vacate order of dismissal for want of prosecution. This motion to vacate was filed with the clerk on November 30, 2010, and recites that the statement filed with the clerk on July 22, 2010, was actually sent by him on June 9, 2010, and should be deemed to have been filed on the date it was mailed. This would represent application of the prison mailbox rule, pursuant to which "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley,* 526 F.3d 921, 925 (6th Cir. 2008); *see also Houston v. Lack,* 487 U.S. 266, 275-76 (1988); *Ingram v. Jones,* 507 F.3d 640, 643 (7th Cir. 2007).

The plaintiff's motion to vacate makes reference to Rule 60(b) of the *Federal Rules of Civil Procedure*. "Rule 60 regulates the procedures by which a party may obtain relief from a final judgment . . . . The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 Charles Alan Wright and Andrew D. Liepold, **Federal Practice and Procedure** § 2851 (4th ed. 2008). "A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.**

The motion to vacate does not rely on any of the specific grounds specified in Rule 60(b) and is is therefore insufficient to justify relief. *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)(explaining that a post-judgment motion "must be shaped to the specific grounds for modification or reversal found in 60(b)--they cannot be general pleas for relief."). The motion does not explain how–filed more than 4½ months after the entry of final judgment and offering not a shred of "new evidence"–it could be deemed to have been filed within a reasonable time. *See Berwick Grain Co. v. Illinois Dep't of Agric.,* 189 F.3d 556, 560 (7th Cir. 1999)(a movant has a "reasonable" period of time in which to file a Rule 60(b) motion, subject in some circumstances to a 1-year maximum)(citations omitted).

Most important, however, is that the motion to vacate does not contain a persuasive basis for relief from the disposition. Specifically, the motion does not recite that the plaintiff has paid or is prepared to pay the $350.00 filing fee and his effort to demonstrate that he is not ineligible to proceed *in forma pauperis* is unpersuasive. Thus, it ultimately makes no difference whether the filing of July 22, 2010, was received before or after the action was dismissed.

Based on the foregoing, and treating the motion to vacate dismissal as the plaintiff's motion for relief from judgment, that motion (dkt 73) is **denied.**

**IT IS SO ORDERED.**

Date: 12/22/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Rocky Marciano Shroyer
DOC #956193
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

eric.beaver@atg.in.gov